STANLEY RUFFIN, petitioner.

Suffolk.     January 20, 1897. — April 3, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Discharge in Insolvency — "Creditors who have proved their Claims."*

In Pub. Sts. c. 157, § 90, which provide that where a debtor has failed for certain
reasons to obtain a discharge, a discharge may be granted if certain conditions
therein stated are complied with, the words "a majority . . . of the creditors
who have proved their claims" mean all the creditors who have proved at any
time and not merely the creditors who have proved within six months after the
date of the assignment.

APPEAL from a decree of the Court of Insolvency refusing the
discharge of the petitioner under Pub. Sts. c. 157, § 90.   Hear-
ing before *Hammond,* J., who reported the case for the determi-
nation of this court, in substance as follows.

The only question in dispute was whether the debtor had
obtained the assent of the requisite majority of his creditors as
required by that section.*   It appeared that he had not obtained
a majority in value and number of his creditors who had proved
their claims within six months from the date of the assignment,
but that he had obtained a majority in number and value of
his creditors who had proved their claims at the time of this
application.   The judge ruled that the phrase "the creditors
who have proved their claims" meant only the creditors who

---

* The provision is as follows: " When a discharge is refused a debtor for
the sole reason that the assent of the requisite majority of his creditors has
not been seasonably obtained or filed, or for the reason that he has not taken
the oath required by section seventy-six, the judge, upon the application
of the debtor made within two years after the date of the assignment, and
with the written assent of a majority, or, in case of his second insolvency, of
three fourths in number and value of the creditors who have proved their
claims, may grant his discharge, if he satisfies the judge on a hearing had
after public notice of said application that the failure to obtain or file the
assent was occasioned by accident or mistake, or other sufficient cause, and
by no fault of his own; or that the omission to take the oath was owing to
his inability by reason of sickness, accident, or mistake, to attend and take
the same; and if he is present and takes the oath and abides and performs
all lawful orders of the court."

have proved their claims within six months after the date of the assignment, and refused on that ground alone the discharge. If the ruling was correct, the discharge was to be refused; otherwise to be granted.

*F. K. Linscott,* for the petitioner.

HOLMES, J. It must be assumed that the petitioner satisfied the judge " on a hearing had after public notice of said application that the failure to obtain or file the assent was occasioned by accident or mistake, or other sufficient cause," that being the express requirement of Pub. Sts. c. 157, § 90. It is stated that the only question in dispute was whether the petitioner had obtained the assent required by that section and that the judge refused the discharge on the ground of his ruling alone. It is found that if that ruling is wrong the discharge is to be granted. In our opinion the ruling is wrong. The limitation of the creditors in § 86 to those who have proved within six months is not express, but only a consequence of the requirement that the assent shall be filed within six months. The assent required by § 90 is of " a majority . . . of the creditors who have proved their claims." There are no words which expressly or by implication confine it to those who might have been asked to assent before. On the contrary the words used plainly mean all the creditors who have proved at any time. When it is shown that the failure to get the assent earlier was through accident or mistake, there seems to be no reason for denying the right to vote to a part of the creditors concerned in the question of the discharge.

*Discharge to be granted.*